

**SO ORDERED.**

**SIGNED this 29 day of August, 2006.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
**R. Thomas Stinnett**
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

In re:                                                    No. 05-16070
                                                          Chapter 7
MICHELLE MCDONALD,

          Debtor.



TENNESSEE EDUCATION LOTTERY
     CORPORATION,

          Plaintiff,

v.                                                        Adversary Proceeding
                                                          No. 05-1225

MICHELLE MCDONALD,

          Defendant.


<u>**MEMORANDUM AND ORDER**</u>

This adversary proceeding was commenced by the Tennessee Education Lottery Corporation ("Plaintiff") to determine the non-dischargeability of a debt owed by Michelle McDonald ("Defendant").  The complaint cited 11 U.S.C. § 523(a)(4) as the statutory basis for the court to determine that this debt is non-dischargeable.

On April 14, 2006, the court entered an Order and Notice of Trial in which the court ordered:

> Thirty (30) days before the trial date is the last day for filing dispositive motions.  A Motion shall be accompanied by a brief setting forth the facts and the law supporting the motion.  Unless the court directs otherwise, the opposing party must file a response within twenty (20) days after the date of filing of the motion.  Any response must be supported by a brief setting forth the facts and the law in opposition to the motion.  A failure to respond timely will be construed to mean that the respondent does not oppose the relief requested by the motion.  After the time for response has expired, the court may rule on the motion without a hearing.

Furthermore, pursuant to Local Rule 7007-1, a failure to respond timely will be construed to mean that the respondent does not oppose the relief requested by the motion.

On July 7, 2006, the parties filed a Joint Motion to Continue Trial Date which was granted by order entered July 12, 2006.  The trial date was re-scheduled for October 16, 2006, and the last day of the discovery period was changed to September 15, 2006. All other deadlines set forth in the court's previous order of April 14, 2006, relate to the new trial date.  On July 7, the Plaintiff filed a motion for summary judgment and a brief in support thereof, and a statement of undisputed material facts with service upon counsel for the defendant.  On August 11, 2006, the Plaintiff filed a supplement to the brief in support of the motion for summary judgment and attached thereto a copy of a Request for Admissions served upon the defendant and her attorney on June 6, 2006, and an affidavit

of counsel for the plaintiff in support of the motion for summary judgment.  Pursuant to the court's scheduling order, a response to the motion for summary judgment was due on or before July 27, 2006.   No response has been filed by the defendant to the motion for summary judgment or to the request for admissions.

Rule 36(a) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings pursuant to Rule 7036 of the Federal Rules of Bankruptcy Procedure, states that a matter of which an admission is requested ". . . is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney."   The defendant has not requested an extension of time to respond to the request for admissions, nor have the parties entered a written agreement extending the time.   Accordingly, the matters of which an admission is requested are deemed to be admitted by the defendant.

The court is required to make an independent determination that the motion has merit.  *Miller v. Shore Financial Services, Inc.*, No. 04-1789, 2005 WL 1579515, at *1 (6th Cir. July 5, 2005).  Upon review of the complaint, the answer, the exhibits, the requests for admission, and the motion for summary judgment, the court finds that the motion should be granted for the reasons set forth in the brief in support of the motion.  Accordingly,

It is ORDERED that the motion for summary judgment by Tennessee Education Lottery Corporation is GRANTED, and the indebtedness of $9,744.63, representing lottery ticket sales proceeds, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4).

# # #